JORGE RODRIGUEZ,

                Plaintiff,

– versus –

THE CITY OF NEW YORK, CONTI OF NEW YORK, LLC, ASSUNCAO BROS., INC., and RECON CONSTRUCTION CORP.,

                Defendants.

MEMORANDUM
AND ORDER

13-CV-00327 (JG)(CLP)

THE CITY OF NEW YORK,

                Third-Party Plaintiff,

– versus –

SMALLS ELECTRICAL CONSTRUCTION, INC.,

                Third-Party Defendant.

THE CITY OF NEW YORK AND CONTI OF NEW YORK, LLC,

                Second Third-Party Plaintiffs,

– versus –

SMALLS ELECTRICAL CONSTRUCTION, INC. and ASSUNCAO BROS., INC.,

              Second Third-Party Defendants.

THE CITY OF NEW YORK AND CONTI OF NEW YORK, LLC,

                Third Third-Party Plaintiffs,

– versus –

RECON CONSTRUCTION CORP.,

              Third Third-Party Defendant.

A P P E A R A N C E S:

    BADER YAKITIS and NONNENMACHER
        350 Fifth Avenue, Suite 7210
        New York, NY 10118
    By:    Jesse Young
        *Attorney for Plaintiff Jorge Rodriguez*

    ROBIN HARRIS KING YUTAS FODERA & RICHMAN
        One Battery Park Plaza, 29th Floor
        New York, NY 10004
    By:    Doreen J. Correia
        *Attorneys for Defendants/Third-Party Plaintiffs The City of New York and Conti of New York LLC*

    MILBER, MAKRIS, PLOUSADIS & SEIDEN, LLP
        1000 Woodbury Road, Suite 402
        Woodbury, NY 11797
    By:    Michael J. Cannon
        *Attorneys for Third-Party Defendant Smalls Electrical Construction, Inc.*

    AHMUTY, DEMERS & McMANUS
        200 I.U. Willets Road
        Albertson, NY 11507
    By:    Catherine R. Everett
        *Attorneys for Third-Party Defendant Recon Construction Corp.*

JOHN GLEESON, United States District Judge:

        Jorge Rodriguez originally filed this diversity action against The City of New York (the "City") for negligence and violations of Labor Law Sections 200 and 241(6) arising out of injuries he sustained in an accident on May 7, 2012 at his job site at the St. George, Staten Island Ferry Terminal. On April 15, 2013, the City brought a third-party action (the "First Third-Party Action") against Rodriguez's employer, Smalls Electrical Construction, Inc. ("Smalls"). On January 15, 2014, the City, along with general contractor Conti of New York, LLC ("Conti") filed a second third-party action (the "Second Third-Party Action") against Smalls and

2

subcontractor Assuncao Bros., Inc. ("Assuncao").[1]  The City and Conti (together, "Plaintiffs") filed a third third-party action (the "Third Third-Party Action") against Recon Construction, Corp. ("Recon") on March 10, 2014.  Rodriguez amended his complaint following each third-party action, most recently on March 28, 2014, to assert claims against Conti, Assuncao, and Recon.  *See* ECF No. 39 ("Amended Complaint").

On March 4, 2015, third-party defendants Smalls and Recon filed motions for summary judgment seeking to dismiss the City's and Conti's claims against them in the First, Second, and Third Third-Party Actions (the "Third-Party Actions").  Recon also seeks summary judgment on Rodriguez's Labor Law claims.  I have jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367.  I heard oral argument on both motions on Thursday, April 9, 2015.  For the reasons discussed below, Smalls's motion for summary judgment is denied and Recon's motion is granted.

BACKGROUND

For the purposes of this motion and in the interest of greater clarity, I will refer to third-party plaintiffs the City and Conti together as "Plaintiffs."  I will refer to Rodriguez, the original plaintiff in this action, only by his last name.  I will also refer to third-party defendants Smalls and Recon as "Defendants."  Unless otherwise noted, the following undisputed facts are based upon the parties' Local Civil Rule 56.1 statements and supporting materials.

Rodriguez's accident occurred on May 7, 2012 while he was working on a construction site at the Staten Island Ferry – North Ramp.  The ramp was under construction as part of a rehabilitation project by the City of New York (the "Ferry Terminal Project").  Recon Rule 56.1 Stmt. ¶ 1.  At all relevant times, Conti was the general contractor for the Ferry

---

[1]  On August 15, 2014, the City and Conti filed a stipulation of dismissal discontinuing their action against Assuncao.  ECF No. 55.

3

Terminal Project pursuant to an agreement it executed with the City. Smalls Rule 56.1 Stmt. ¶ 7; Everett Decl. ¶ 26, Ex. Y ("Prime Contract").

Conti subcontracted with Recon to perform rebar installation. Recon Rule 56.1 Stmt. ¶¶ 22-23; Smalls Rule 56.1 Stmt. ¶ 12; Everett Decl. ¶ 25, Ex. X ("Recon Agreement"). Conti also subcontracted with Smalls to perform electrical services on the Ferry Terminal Project. Smalls Rule 56.1 Stmt. ¶ 8; *see also* Cannon Decl., Ex. I ("Smalls Agreement"). Rodriguez was employed by Smalls. Recon Rule 56.1 Stmt. ¶ 2.

Rodriguez's accident occurred when he slipped or tripped over a piece of rebar that was covered by burlap. Recon Rule 56.1 Stmt. ¶ 2; Pl. Rule 56.1 Stmt. (Recon) ¶ 2.[2] The burlap tarp, which was wet, was being used to help cure recently poured concrete. Recon Rule 56.1 Stmt. ¶ 2. The accident occurred several feet from Rodriguez's specific work area. Pl. Rule 56.1 Stmt. (Smalls) ¶ 22. The parties disagree as to whether Rodriguez saw the rebar as he fell. Plaintiffs contend that at a minimum, Rodriguez saw the rebar in the days before the accident when he was working in the area. Smalls's foreman Rondol Walker saw Rodriguez fall, but Plaintiffs deny that Walker saw Rodriguez fall because he tripped on rebar. Recon Rule 56.1 Stmt. ¶¶ 28, 33; Pl. Rule 56.1 Stmt. (Recon) ¶¶ 28, 33. As a result of the accident, Rodriguez sustained injuries as to his right thumb requiring surgery. Everett Decl. ¶ 19, Ex. R (Rodriguez Dep.) 32:8 – 33:16, 65:5-10.

The parties disagree as to whether the burlap was placed over the entire project or over the curing concrete only. Smalls Rule 56.1 Stmt. ¶ 11; Pl. Rule 56.1 Stmt. (Smalls) ¶ 11. Smalls and Recon contend that Conti was aware that burlap covered the rebar, which protruded from the concrete, and that Smalls would need to remove portions of the burlap to perform its

---

[2] References to "Pl. Rule 56.1 Stmt. (Recon)" refer to Plaintiffs' Rule 56.1 Counterstatement to Recon (ECF No. 73). References to "Pl. Rule 56.1 Stmt. (Smalls)" refer to Plaintiffs' Rule 56.1 Counterstatement to Smalls (ECF No. 75).

work.  Smalls Rule 56.1 Stmt. ¶ 13; Recon Rule 56.1 Stmt. ¶¶ 6-7, 18.  Conti set the daily schedules for the construction project, but its foreman was responsible for coordinating with other foremen to make sure that one contractor's work did not affect any of the others'.  Recon Rule 56.1 Stmt. ¶ 13; Pl. Rule 56 Stmt. (Recon) ¶¶ 7-9, 13.

Plaintiffs contend that it was Smalls's responsibility to remove the burlap to perform its work and to cover it back up as needed.  Pl. Rule 56.1 Stmt. (Smalls) ¶ 13; Pl. Rule 56.1 Stmt. (Recon) ¶ 18.  Smalls acknowledges it removed part of the burlap tarp to allow its workers to see where they were walking in order to access the areas where they were working.  Smalls Rule 56.1 Stmt. ¶ 19; Pl. Rule 56.1 Stmt. (Smalls) ¶ 19.  Smalls and Recon contend that when Smalls's workers stepped off of their work site, Conti re-covered the work area with the burlap tarp to enhance the curing of the concrete.  Plaintiffs say that Smalls's workers were responsible for re-covering the area, but if they failed, Conti would step in to cover the concrete, as required by New York regulations.  Plaintiffs deny Smalls's statement that Conti covered the work area where Rodriguez's accident occurred.  Plaintiffs also deny that Smalls requested that Conti stop placing the burlap back onto the concrete.  Smalls Rule 56.1 Stmt. ¶¶ 20-21; Recon Rule 56.1 Stmt. ¶¶ 30-32; Pl. Rule 56.1 Stmt. (Smalls) ¶¶ 20-21; Pl. Rule 56.1 Stmt. (Recon) ¶¶ 31-32.

Walker (Smalls's foreman) was aware that rebar was present in the area where Smalls would be working and that it was covered with burlap.  Recon Rule 56.1 Stmt. ¶ 35; Pl. Rule 56.1 Stmt. (Recon) ¶ 35.  It is undisputed that Rodriguez received his assignments from Walker and received direction on how to do his work from Walker only.  Recon Rule 56.1 Stmt. ¶¶ 19, 21. Smalls and Recon say that Walker conveyed his concern about the burlap covering the rebar to Conti both in writing and orally.  Plaintiffs deny that there was any complaint made

5

to Conti about the burlap and note that Smalls has no record of any complaints made to Conti. Smalls Rule 56.1 Stmt. ¶ 14; Pl. Rule 56.1 Stmt. (Smalls) ¶¶ 14-15; Recon Rule 56.1 Stmt. ¶ 41; Pl. Rule 56.1 Stmt. (Recon) ¶ 41.

Walker testified that Smalls's work could have waited until the concrete cured and the burlap was removed. Recon Rule 56.1 Stmt. ¶ 37. Plaintiffs deny that anyone discussed with Conti the idea that the work could have waited and that Walker asked that Conti put down plywood for a walkway. Recon Rule 56.1 Stmt. ¶¶ 36-38; Pl. Rule 56.1 Stmt. (Recon) ¶¶ 36-38.

David Olcott was Conti's Safety & Health Officer at the Ferry Terminal Project. Recon Rule 56.1 Stmt. ¶ 10. Olcott was in charge of safety at the worksite, but Plaintiffs contend that Smalls was responsible for its own worksite and Walker was responsible for the safety of his employees. Pl. Rule 56 Stmt. (Recon) ¶ 11; Smalls Rule 56.1 Stmt. ¶ 16; Pl. Rule 56.1 Stmt. (Smalls) ¶ 16. Smalls says Olcott was responsible for overseeing the safety of contractors and employees on the job site, but Plaintiffs note that Olcott testified that subcontractors were responsible for correcting their own unsafe conditions. Conti had the authority to stop work on a project if it observed an unsafe condition, but no unsafe condition was observed on this jobsite. Plaintiffs point out that Smalls's foreman could also stop work if his employees were working in hazardous conditions. Smalls Rule 56.1 Stmt. ¶¶ 17-18; Pl. Rule 56.1 Stmt. (Smalls) ¶¶ 17-18.

Inspectors from the New York City Department of Transportation were also responsible for safety at the job site and were onsite the day of the accident. Plaintiffs admit that the safety inspectors were present on the day of the accident, but they add that Smalls also had the responsibility to oversee the safety of its employees. Recon Rule 56.1 Stmt. ¶¶ 51-53; Pl. Rule 56 Stmt. (Recon) ¶¶ 51-53.

Olcott acknowledges that the concrete on the North Ramp, where the accident occurred, was covered with burlap on May 7, 2012, and that there were U-shaped rebars installed into the concrete (and protruding up from it) in a line running parallel to the ramp at that time. Recon Rule 56.1 Stmt. ¶¶ 16-17; Pl. Rule 56 Stmt. (Recon) ¶ 17. Olcott was not aware of any issues with Recon's installation of the rebar. Recon Rule 56.1 Stmt. ¶ 29. Olcott was aware that Smalls's workers would have to remove portions of the burlap to perform their work. Recon Rule 56.1 Stmt. ¶ 43; Pl. Rule 56 Stmt. (Recon) ¶ 43. Olcott prepared a report regarding Rodriguez's accident, which states that the rebar was not visible because it was covered by burlap at the time of the accident. Olcott's report also discussed alternatives to working under these conditions. Recon Rule 56.1 Stmt. ¶¶ 44-46.

## DISCUSSION

As mentioned above, Smalls and Recon have moved for summary judgment on the third-party claims against them. Specifically, they seek summary judgment on Plaintiffs' claims for contractual and common-law indemnification and breach of contract for failure to provide the requisite insurance coverage. Recon also seeks summary judgment on Rodriguez's Labor Law claims against it as stated in the Amended Complaint.

   A.       *Standard of Review*

A court may grant summary judgment if the moving party shows that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 104 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A fact dispute is genuine "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 248). "In deciding whether there is a genuine issue of material fact as to an element essential to a party's case, the court must examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *Abramson v. Pataki,* 278 F.3d 93, 101 (2d Cir. 2002) (citation omitted).

The moving party carries the burden of proving that there is no genuine dispute respecting any material fact and "may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223–24 (2d Cir. 1994). A judge's role at the summary judgment stage "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Redd v. N.Y. State Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012) (internal quotations and citation omitted).

"Summary judgment is difficult to obtain in negligence actions because whether conduct is 'negligent' is a factual determination in all but the most extreme situations." *Ortiz v. Rosner*, 817 F. Supp. 348, 350 (S.D.N.Y. 1993). However, "[t]hough courts are hesitant to grant summary judgment in negligence cases, the mere fact that a case involves a claim of negligence does not preclude a granting of summary judgment." *Diaz v. Calabrese*, No. 13-CV-1531 (ARR) (MG), 2014 WL 6883517, at *3 (E.D.N.Y. Dec. 4, 2014) (internal quotations omitted).

B.     *The Contractual Indemnification Claims*

Both Smalls and Recon seek summary judgment on Plaintiffs' claims for contractual indemnification. "A party is entitled to full contractual indemnification provided that the intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances." *Drzewinski v. Atl. Scaffold & Ladder*

*Co.*, 70 N.Y.2d 774, 777 (1987) (internal quotations omitted). In addition, "[t]he right to contractual indemnification depends upon the specific language of the contract." *Roldan v. New York Univ.*, 916 N.Y.S.2d 162, 166 (2d Dep't 2011).

1. *Claims Against Smalls*

Smalls's Agreement with Conti contains an indemnification provision that provides as follows:

> To the fullest extent permitted by law, Subcontractor hereby assumes the entire responsibility and liability for any and all damages arising from personal injury . . . of any kind or nature whatsoever . . . caused by, resulting from, arising out of, or occurring in connection with (i) the Subcontractor's Work; (ii) the performance or intended performance of the Subcontractor's Work; (iii) the performance or failure to perform the Subcontract; or (iv) any occurrence which happens in or about the area where the Subcontractor's Work is being performed by Subcontractor, either directly or through a vendor and/or Sub-subcontrator . . . .

Smalls Agreement § 10.1. The provision further provides that "[e]xcept to the extent expressly prohibited by law, should any damage or injury referred to in Paragraph 10.1 be sustained, suffered, or incurred by [the City] or should any claim for such damage of injury be made or asserted against any of them . . . whether or not such claim is based upon [the City's] alleged active or passive negligence . . . ," Smalls will indemnify Plaintiffs. Smalls Agreement § 10.2.

In a case involving a similar indemnity provision, the New York Court of Appeals has held that the third-party defendant subcontractor agreed to indemnify the general contractor when either (1) "a claim arose out of, in connection with or as a consequence of the performance of [subcontractor's] work . . . or (2) where a claim arose out of the acts or omissions of [subcontractor]." *Brown v. Two Exch. Plaza Partners*, 76 N.Y.2d 172, 178 (1990). It affirmed a finding requiring the subcontractor to indemnify the general contractor, holding that the clause required the subcontractor – despite there being no evidence of negligence on its part – to

9

indemnify the general contractor for injuries sustained by an employee of a company hired by the subcontractor. *Id.*

In this case involving a similarly broad indemnification provision, there is sufficient evidence from which a reasonable jury could conclude that Rodriguez's injuries arose out of or in connection with the performance of Smalls's work. Rodriguez was an employee of Smalls and was acting in the course of his employment when he slipped or tripped over rebar that was covered by burlap.

Smalls points to evidence showing that its foreman, Rondol Walker, conveyed his concern about the burlap to Conti. *See* Cannon Decl., Ex. H (Walker Dep.) 84:1-20, 86:5-88:5. But Plaintiffs deny that Walker ever complained to Conti, and they assert that Smalls was responsible for the safety of its workers even if it had concerns it expressed to Conti. Pl. Rule 56 Stmt. (Smalls) ¶¶ 15-16. Additionally, Walker testified that he was responsible for his workers' safety and has stopped work in the past because of unsafe conditions on a jobsite. Cannon Decl., Ex. H (Walker Dep.) 145:21 – 146:25. Viewing the facts in the light most favorable to Plaintiffs, questions of fact remain as to whether Rodriguez's accident arose from or was related to the performance of Smalls's work. Even without deciding whether there is evidence to support a finding of negligence on Smalls's behalf, these facts suffice to deny Smalls's motion for summary judgment on the claim for contractual indemnification.

Smalls also argues that even if the indemnification provision were triggered, Plaintiffs' claim for contractual indemnification fails because Conti cannot be indemnified for its own negligence pursuant to New York General Obligations Law § 5-322.1(1). Smalls Br. 14. Section 5-322.1 provides essentially that an agreement indemnifying the promisee against liability for damages arising from the promisee's own negligence is void as against public policy.

Indeed, § 10.2 of the Smalls Agreement purports to indemnify Conti for its own negligence. However, if Conti is found to be partially at fault, it can enforce the indemnification provision against Smalls to the extent of Smalls's share of liability without violating General Obligations Law § 5-322.1 because the agreement provides for indemnification "to the fullest extent permitted by law." *See Brooks v. Judlau Contracting, Inc.*, 11 N.Y.3d 204, 210 (2008); *see also* Smalls Agreement § 10.1. In *Brooks*, the Court of Appeals held that the language "to the fullest extent permitted by law" in an indemnification provision "contemplates partial indemnification and is intended to limit [subcontractor's] contractual indemnity obligation solely to [subcontractor's] own negligence." 11 N.Y.3d at 210. For these reasons, the indemnification in the Smalls Agreement does not violate New York General Obligations Law § 5-322.1(1).

Smalls's argument here also depends on a finding of liability as to Conti's respective fault, and it is therefore premature to consider since there has been no determination as to the parties' respective liability for Rodriguez's injury. *Chun v. Ecco III Enterprises, Inc.*, 701 N.Y.S.2d 910, 911 (2d Dep't 2000). For these reasons, summary judgment is denied as to the contractual indemnification claim against Smalls.

2. *Claims Against Recon*

As for the claim for contractual indemnification against Recon, the parties argue that whether summary judgment should be granted depends on whether Recon was negligent. *See* Recon Br. 6; Pl. Opp. (Recon) 14.[3] But the applicable indemnification provision does not require a finding of negligence to determine whether Recon must indemnify Plaintiffs. Under New York case law, Recon could be forced to indemnify Plaintiffs based on the language in its contract even without a finding of negligence. *See Brown*, 76 N.Y.2d at 178 (indemnification

---

[3] Citations to "Pl. Opp. (Recon)" refer Plaintiffs' Memorandum of Law in Opposition to Recon Construction Corp.'s Motion for Summary Judgment (ECF No. 72). Citations to "Pl. Opp. (Smalls)" will refer to Plaintiffs' opposition to Smalls's motion for summary judgment (ECF No. 77).

11

clause required the subcontractor to indemnify the general contractor despite there being no evidence of negligence by subcontractor).

The indemnification provision in the Recon Agreement provides that Recon will indemnify Plaintiffs from claims "arising out of or in any way connected with" Recon's performance or lack of performance under the agreement, provided that the claim is caused "in whole or in part by any actual or alleged . . . act or omission of [Recon]; or . . . violation of any statutory duty, regulation, ordinance, rule or obligation by an Indemnitee provided that the violation arises out of or is in any way connected with [Recon's] performance or lack of performance of the work under the agreement." Recon Agreement § 10.1. Therefore, to show entitlement to summary judgment, Recon must prove that no rational jury could find that Rodriguez's injury was caused by Recon's performance of its duties under the agreement. *See Martinez v. Tishman Const. Corp.*, 642 N.Y.S.2d 675, 676 (1st Dep't 1996). In *Martinez*, the First Department affirmed the judgment of the trial court that the general contractor was not entitled to common-law or contractual indemnification from the third-party defendant subcontractor because "[t]here is no evidence that [the third-party defendant] was negligent or otherwise liable for the injuries sustained by plaintiff (who was not an employee, subcontractor or agent of [third-party defendant]); that plaintiff's accident arose out of, in connection with, or as a consequence of the performance of [its] work; or that [it] maintained any control over the worksite." *Id.*

There is no allegation that Rodriguez's injury was caused in whole or in part by any actual or alleged act or omission of Recon. Rodriguez testified that he is not claiming the rebar was improperly installed. Everett Decl. Ex. R. (Rodriguez Dep.) at 31:14-33:16. Olcott was not aware of any issues with Recon's installation of the rebar. Recon Rule 56.1 Stmt. ¶ 29;

12

Pl. Rule 56.1 Stmt. (Recon) ¶ 29. Additionally, there is no allegation that Plaintiffs violated any regulation or rule caused by Recon's installation of the rebar. For these reasons, no rational jury could find that Recon's work caused Rodriguez's accident, and Recon is entitled to summary judgment on this claim.

       3.      *The Common-Law Indemnification and Contribution Claims*

To be entitled to common-law indemnification or contribution, Plaintiffs must show that they "(1) . . . [have] been held vicariously liable without proof of any negligence or actual supervision on [their] part; and (2) that the proposed indemnitor was either negligent or exercised actual supervision or control over the injury-producing work." *Naughton v. City of New York*, 940 N.Y.S.2d 21, 28 (1st Dep't 2012). To obtain summary judgment on Plaintiffs' common-law indemnification claims, Defendants must show there is no evidence that they were negligent or otherwise at fault for Rodriguez's injuries. *See Ramatowski v. City of New York*, 725 N.Y.S.2d 569, 570 (2d Dep't 2001) (third-party defendant established entitlement to summary judgment dismissing common-law indemnification claims).

          a.      *Claims Against Smalls*

Because there is undisputed evidence that Smalls supervised Rodriguez's work, whether Smalls will be liable for common-law indemnification depends on whether Plaintiffs are found to be "vicariously liable without proof of any negligence or actual supervision on [their] part." *Naughton*, 940 N.Y.S.2d at 28. As general contractor, Conti owes a common-law duty to maintain a safe work site. *See Britez v. Madison Park Owner, LLC*, 960 N.Y.S.2d 49 (Sup. Ct. N.Y. Cnty. 2012) *aff'd*, 966 N.Y.S.2d 7 (1st Dep't 2013). Because Conti's liability has not been resolved and it may be found not liable for Rodriguez's injuries, a question of fact remains as to Plaintiffs' entitlement to common-law indemnification from Smalls. For these reasons, summary

13

judgment is also inappropriate as to the contribution claim against Smalls. *See Green Bus Lines, Inc. v. Consol. Mut. Ins. Co.*, 426 N.Y.S.2d 981, 989 (2d Dep't 1980) (contribution requires finding of liability).

        b.        *Claims Against Recon*

In contrast to Smalls, it is undisputed that Recon lacked authority to supervise or control Rodriguez's work. Therefore, if Recon can show that there is no evidence that it was negligent, summary judgment on the claim for common-law indemnification from Recon is appropriate.

Recon's argument that it is not negligent because it did not control or supervise Rodriguez's work is insufficient to warrant summary judgment in its favor. *See Simon v. Granite Bldg. 2, LLC*, 980 N.Y.S.2d 489, 495 (2d Dep't 2014). That is because a subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area." *Id.*

Plaintiffs argue that "[s]ince Recon was clearly working in the area, and the plaintiff fell on their rebar, and they were responsible by contract for keeping their work area and their work safe . . . there is ample evidence from which a jury could find that Recon was actively negligent . . . ." Pl. Opp. (Recon) 14. However, Plaintiffs cite to no evidence in the record that supports a claim for negligence on Recon's part. Specifically, there is no allegation that Recon's installation of the rebar "created an unreasonable risk of harm that was the proximate cause of [Rodriguez's] injuries." *Marano v. Commander Elec., Inc.*, 785 N.Y.S.2d 109, 111 (2d Dep't 2004). Therefore, a jury could not reasonably find that the proper installation of the rebar caused Rodriguez's fall. Instead, the evidence points to questions of fact regarding the burlap covering

14

the rebar that may have caused Rodriguez to slip or trip. For these reasons, the common-law indemnification and negligence claims against Recon are dismissed. The contribution claim is also dismissed, as I have found no reasonable jury could find evidence of fault on Recon's behalf. *See Green Bus Lines*, 426 N.Y.S.2d at 989.

C. *The Claims for Failure to Procure Insurance*[4]

1. *Claim Against Smalls*

Plaintiffs argue that Smalls breached the portion of the Prime Contract requiring that Smalls name the City as an additional insured party. *See* Prime Contract at § 28.8 (p. 119). Smalls does not contest that it failed to add the City as an additional insured, but instead argues that Plaintiffs have failed to provide an executed copy of the Prime Contract, and further that the Prime Contract does not apply to Smalls, as discussed *infra*. Smalls Reply at 9. Because I conclude that the City is an intended beneficiary of the Smalls Agreement (see *infra*), Smalls has failed to establish that it is entitled to summary judgment on this claim.

2. *Claim Against Recon*

Recon argues that because it obtained the requisite insurance coverage, Plaintiffs' claim for failure to procure insurance should be dismissed. *See* Recon Br. 22-23. Plaintiffs argue that Recon has breached its subcontract because it "has refused to provide insurance coverage to Conti and [the City]." Pl. Opp. (Recon) at 23.

Recon's motion for summary judgment on this claim depends on my findings with respect to its claim on indemnification. *KMO-361 Realty Associates v. Podbielski*, 678 N.Y.S.2d 323, 324 (1st Dep't 1998) (A "defendant insurer's duty to indemnify . . . is not

---

[4] I note that there is a pending action in the Southern District of New York brought by Liberty Mutual Fire Insurance Company ("Liberty Mutual") as insurers for Plaintiffs. The action seeks a declaration that insurers for Smalls and Recon are required to defend and indemnify Liberty Mutual in this action. *See* Third Amended Complaint, *Liberty Mutual Fire Ins. Co. v. Harleysville Worcester Ins. Co.*, No. 14-CV-3699 (VM) (GWG) (S.D.N.Y. Oct. 9, 2014).

15

coextensive with its duty to defend and is not triggered until there has been a determination of liability on the part of its insureds."). Because I find that Recon is entitled to summary judgment on Plaintiffs' indemnification claims, Recon is also entitled to summary judgment on this claim for breach of contract for failure to procure insurance.

D. *Smalls's Additional Arguments Against the City*

1. *Whether the City is a Third-Party Beneficiary of the Smalls Agreement*

Smalls argues that the City is not an intended third-party beneficiary of the subcontract between it and Conti, stating, "It is a categorical fact that the Subcontract Agreement is devoid of any specific reference whatsoever to the City." Smalls Br. at 6. However, as Smalls goes on to point out, the Smalls Agreement incorporates the Prime Contract between the New York City Department of Transportation and Conti. *See* Smalls Agreement p. 1. The subcontract defines the "Project Owner" as the "New York City Department of Transportation" and specifies that the Prime Contract is incorporated by reference, including that "All liabilities incurred and obligations assumed by CONTI under the Contract with the Owner are hereby assumed by [Smalls]." Smalls Agreement § 1.3. Also, as Plaintiffs point out, the New York City Department of Transportation is an agency of the City of New York. *See* Pl. Opp. (Smalls) at 13 (quoting the City's charter). Because of this explicit incorporation, I conclude that the parties to the Smalls Agreement intended to confer a benefit on the New York City Department of Transportation, *i.e.*, the City of New York. *See Subaru Distributors Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005) ("Under New York law, in order to recover as a third-party beneficiary of a contract, a claimant must establish that the parties to the contract intended to confer a benefit on the third party.").

### 2. *Whether Plaintiffs Alleged a "Grave Injury"*

Smalls argues that the City's claims for contribution and common-law indemnification fail as a matter of law because Rodriguez did not allege a "grave injury" within the meaning of New York Workers' Compensation Law § 11. Plaintiffs agree that Rodriguez's injury was not "grave" under the statute, but they argue that because the City is "both a party to and a third party beneficiary to" the Smalls Agreement, Smalls will owe contractual indemnification to the City for any negligence found attributable to it. Pl. Opp. (Smalls) at 10. Indeed, the section bars actions against employers for contribution or indemnity arising from injuries sustained by their employees in the course of their employment, but that bar does not include "a claim or cause of action for contribution or indemnification based upon a provision in a written contract entered into prior to the accident." N.Y. Workers' Comp. Law § 11. As the Smalls Agreement contained an indemnification provision, Smalls's argument for summary judgment on this basis is denied.

### E. *Rodriguez's Claims Against Recon*

Recon argues that it is not a proper Labor Law defendant because it is not an owner, general contractor, or statutory agent as required for these claims. *See* Recon Br. 9. The Labor Law claims against Recon are made by Rodriguez in the original action. *See* Amended Compl. Rodriguez has not responded Recon's motion in writing, and Plaintiffs' motion notes that the City and Conti "take no position on Recon's motion to dismiss plaintiff's Labor Law claims against Recon." Pl. Opp. (Recon) at 10. At oral argument, counsel for Rodriguez said he would rely on Plaintiffs' opposition papers and also noted that he had sent a letter to Recon specifying his claims under Labor Law § 241(6).

17

Recon's argument that it is entitled to judgment as a matter of law on Rodriguez's Labor Law claims is supported by the undisputed evidence that Recon had no authority to control or supervise Rodriguez's work. "A subcontractor may not be held liable under Labor Law § 200, and may not be held liable, as an agent of the owner or general contractor, under Labor Law § 240(1) or § 241(6), where it does not have authority to supervise or control the work that caused the plaintiff's injury." *Tomyuk v. Junefield Ass'n*, 868 N.Y.S.2d 731, 735 (2d Dep't 2008). Because Recon was a subcontractor and there is no evidence that it supervised or controlled Rodriguez's work, summary judgment is granted as to Rodriguez's Labor Law §§ 200 and 241(6) claims against Recon.

To the extent that Rodriguez would argue Recon could still be liable for common-law negligence, that argument also fails. For the same reason that Recon is not a proper Labor Law defendant, that is, it did not supervise or control Rodriguez's work, it cannot be liable to Rodriguez for common-law negligence. *See Decotes v. Merritt Meridian Corp.*, 666 N.Y.S.2d 763, 764 (3d Dep't 1997) ("No liability will attach under common-law negligence or Labor Law § 200 where there is no showing of authority to control the injury-producing activity by the party charged."). For these reasons, Recon's motion for summary judgment as to Rodriguez's claims against it is granted.

## CONCLUSION

For the foregoing reasons, Smalls's motion for summary judgment is denied. Recon's motion for summary judgment is granted, and the claims asserted against it are dismissed.

So ordered.


John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
July 6, 2015